IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No. 6:19-239 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT A. KOHN | ) | |
| FUTURE INCOME PAYMENTS, LLC | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| IN RE RECEIVER | ) | C.A. No. 6:19-cv-01112-BHH |

This matter is before the Court on the United States of America's Motion to Amend the Order of Appointment filed April 15, 2019 ("Motion to Amend'). (ECF No. 6.) In the Motion, the United States asks the Court to add a number of individuals and entities who are controlled by and/or the alter egos of Scott A. Kohn ("Kohn") and/or Future Income Payments, LLC ("FIP"). On March 27, 2019, the United States moved the Court pursuant to Title 18, United States Code, Section 1956(b)(4)(A), and the Court's inherent equitable powers for the appointment of a Federal Receiver regarding Kohn and FIP (collectively, "Defendants") (Criminal Action No. 6:19-cr-00239-BHH[1]). The Court granted the United States' motion on April 15, 2019, and appointed Beattie B. Ashmore as the Receiver. After consideration, the Court grants the United States' Motion to Amend. This Order replaces and supersedes the Order of April 15, 2019. (ECF No. 1.)

It now appears to the Court that there are entities and individuals controlled by and/or alter egos of the Defendants to include:

Pension, Annuities and Settlements, LLC

---

[1] On March 12, 2019, a federal grand jury indicted Kohn and FIP for conspiracy to engage in wire and mail fraud related to allegations that Kohn and FIP orchestrated and effectuated a Ponzi scheme.

FIP, LLC
Anadolu Trans Gida A.S.
Bally Structured Cash Flows, LLC
Car Champs Finance LLC
Cash Flow Investment Partners East LLC
Cash Flow Investment Partners LLC
Cash Flow Investment Partners Mideast LLC
Computer Supply Corporation
Consolidators Supply Service
DE Computer Supply Corporation
Employment Mobility Fund
EOL Sales and Leasing, Inc.
Georgetown Holdings LLC
Goldyrocks, Inc
Investors Choice Commercial Leasing LLC (ICCL)
Investors Choice Commercial Capital, LLC
Jewels By Kimberly, Inc.
Krishna International Products, Inc.
Leckwith Woods LLC
London Square Collections LLC
London Square Specialty Finance LLC
London Square Specialty Services LLC
Lumpsum Pension Advance Atlantic LLC
Lumpsum Pension Advance Southeast LLC
Lumpsum Pension Atlantic LLC
Lumpsum Pension Southeast LLC
Lumpsum Settlement West LLC
Next Merchant Advance LLC
NWP, Inc
PAS California LLC
PAS Great Lakes LLC
PAS Northeast LLC
PAS Southwest LLC
Pension Advance Carolinas LLC
Pension Advance Midwest LLC
Pension Carolinas LLC
Pension Midwest LLC
Pensions Loans South LLC
Pink Wasabe LLC
QSV Corporation
SK Investments DE, Inc.
SK Judgement Recovery Services
The Judgement Experts

Trade.com Enterprises, Inc.
Vasnani Co.
Veterans Ride Share LLC
Western Computers, Inc.
Your Leasing Solutions d/b/a VRS Leasing, Inc.
Joseph P. Hipp
Joseph P. Hipp's Agent Alternatives, LLC
Benjamin A. Geber
Melanie-Jo Schulz Miller
MJSM Financial, LLC

In addition, this includes all businesses and/or trusts owned or controlled by Scott A. Kohn and their subsidiaries, successors and assigns. Collectively, these individuals and Defendants shall be referred to collectively as the "FIP Receivership Entities."

Whereas, the Government asks that the Receiver be vested with full and exclusive power, duty and authority to administer and manage the business affairs, funds, assets, choses in action and any other property of the FIP Receivership Entities, marshal and safeguard all of the assets of the FIP Receivership Entities, and take whatever actions are necessary for the protection of the United States and investors.

Whereas, the Court has appointed Beattie B. Ashmore, Esquire, Greenville, South Carolina who the Court finds is eminently qualified to be appointed as Receiver of all of the assets, real and personal properties, books and records, and other items of the FIP Receivership Entities.

Now, Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the appointed Receiver for the FIP Receivership Entities is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates owned, controlled, used, accessed or authorized by or for the benefit of the FIP Receivership Entities, (including assets and property directly traceable to the FIP Receivership Entities

that may be in the possession of Kohn's family members, business associates and acquaintances) that have and continue to receive, withdraw, hold, and /or disburse money on behalf of the FIP Receivership Entities or in the possession of the FIP Receivership Entities of every kind whatsoever and wheresoever located, including, but not limited to, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, pension/annuity certificates or assignments certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the FIP Receivership Entities, wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court.

<u>Access to Seized Documents and Property</u>

In the event that any of the foregoing documents or property have been seized by the Federal Bureau of Investigations ("FBI") such authorities are directed to grant the Receiver and his agents full and unfettered access to review and copy such documents and property to permit the Receiver to discharge his duties, subject to the FBI's ability to review, store, and assure said documents are safeguarded for use in future legal proceedings. In addition, the FBI is directed to turn over any and all assets seized from the FIP Receivership Entities directly to the Receiver. Any entity that has possession, custody, or control of any asset of the FIP Receivership Entities is directed to turn over such asset to the Receiver.

2. Investigate the manner in which the affairs of the FIP Receivership Entities were conducted and institute such actions, legal proceedings and/or summary proceedings, for

the benefit and on behalf of the FIP Receivership Entities, and their respective investors or other creditors, as the Receiver deems necessary against those individuals, corporations, agencies, partnerships, associations and/or unincorporated organizations, that the Receiver may claim to have wrongfully, illegally or otherwise improperly be in the possession of or misappropriated/transferred monies or other proceeds directly or indirectly traceable from investors in the Ponzi scheme operated by Defendants, including their respective officers, directors, employees, affiliates, subsidiaries or any persons acting in concert or participation with them, or against any transfers of monies or other proceeds directly or indirectly traceable from investors in FIP; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, and such orders from this Court as may be necessary to enforce this Order.

3. Present to this Court a report reflecting the existence and value of the assets and liabilities of the FIP Receivership Entities. If the Receiver in executing his duties believes it is in the best interest of all parties and persons affected that certain assets seized should be liquidated prior to a final liquidation of assets in order to maximize the value, the Receiver shall take the necessary steps to liquidate such property. The Court is aware that the Receiver is in the possession of certain assets that may need to be sold forthwith in order to preserve their value. As to these assets, the Receiver is authorized to conduct a sale at his discretion without obtaining a specific order from the Court.

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as he deems necessary and to fix and pay their reasonable compensation and reasonable expenses thereof and all reasonable expenses of taking possession of the FIP Receivership Entities' assets and businesses,

and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation.

5. Engage persons in his discretion to assist him in carrying out his duties and responsibilities as Receiver, including, but not limited to, the United States Marshal's Service or a private security firm.

6. Defend, compromise or settle legal actions, including the instant proceeding, wherein the Defendants or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where any Defendant is a nominal party, as in certain foreclosure actions where the action does not affect the assets of the Defendants, the Receiver may file appropriate pleadings in his discretion. The Receiver may waive any attorney-client or other privilege held by Defendants.

7. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession, custody or control of any assets or funds, wherever situated, of—or for the benefit of—the FIP Receivership Entities and, upon order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary.

8. In the event that the Receiver discovers that funds of persons who have invested in the FIP Receivership Entities, have been transferred to other persons or entities, the Receiver shall recover these funds or apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds.

9. Make or authorize such payments and disbursements from the funds and assets

taken into control, or thereafter received by the Receiver, that which are reasonable in discharging his duties as Receiver.

10. Have access to and review all mail except for mail from the Defendants' attorney to Defendant, as more fully set forth in paragraph 24 of this Order.

11. Upon conviction or guilty plea, if such a conviction or guilty plea comes to bear, do all things necessary, including, but not limited to fashioning and distributing a proof of claim form in order to obtain, collect, analyze, verify and present to the Court information related to the financial loss of victims.

12. Upon entry of an Order of Restitution, if such an order is entered, do all things necessary to effectuate a distribution, including, but not limited to fashioning and submitting a Plan for Claims Administration and Distribution of Proceeds to be approved by the Court; locating, seizing, managing and liquidating, with Court approval, assets held or obtained by the Receiver; and distributing, at the Court's discretion, the corpus of the Receiver Estate to those persons who have met the requirement for and are entitled to restitution.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in connection with the appointment of the Receiver provided for above:

13. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (1) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' part or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while

acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

The Parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceedings, including, but not limited to, the issuance or employment of process.

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitations is tolled during the period in which the injunction against commencement of legal proceedings in in effect as to that cause of action.

14. The FIP Receivership Entities and all of their respective directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, sales representatives and other persons who are in custody, possession, or control of any assets, books, records, or other property of the FIP Receivership Entities shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions that have possession, custody or control of any assets or funds in the name of or for the benefit of the FIP Receivership Entities.

15. All banks, brokerage firms, financial institutions, or other business entities that have or may have -- per information provided by the Receiver -- possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of the FIP Receivership Entities or in the name of or for the benefit of individuals known to be

working in concert with the FIP Receivership Entities (including those acting in the capacity of investment advisors and insurance agents) shall cooperate expeditiously in providing necessary information and in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver, including but not limited to, placing a freeze on accounts at the Receiver's direction. Any required disclosure and notification of the Receiver's request for information and/or control of said assets and accounts shall occur in a manner so as not to impede the duties of the Receiver.

16. Unless and as authorized by the Receiver, the FIP Receivership Entities, and their respective principals or anyone purporting to act on their behalf shall take no action on behalf of or for the benefit of the FIP Receivership Entities.

17. The FIP Receivership Entities, and their respective principals, officers, agents, employees, attorneys-in-fact, and sales representatives shall cooperate fully with the Receiver, including, if requested, appearing for deposition testimony and producing documents, upon two business days' notice (which may be sent electronically or by facsimile), and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, or choses in action described above.

18. The Receiver, or any counsel who the Receiver may select, is entitled to reasonable compensation from the assets now in the possession or control of, or which may be received by the FIP Receivership Entities; said amount or amounts of compensation shall be commensurate with the duties performed, subject to approval of

the Court.

19. During the period of this Receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings that interfere with the discharge of the Receiver's obligations.

20. The Receiver is fully authorized to proceed with any filing he may deem appropriate under the Bankruptcy Code as to Defendants.

21. Title to all property, contracts, rights of action, and books and records of the FIP Receivership Entities, and their respective principals, wherever located, is vested by operation of law in the Receiver.

22. Upon request by the Receiver, any company providing telephonic services to the FIP Receivership Entities, shall provide a reference of calls from all numbers presently assigned to the FIP Receivership Entities, to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership.

23. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the FIP Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless otherwise instructed by the Receiver without the need to post a bond or security deposit.

24. The United States Postal Service is directed to provide any information requested by the Receiver regarding any Defendant, and handle future deliveries of Defendants' mail as directed by the Receiver. All personal mail or mail to or from the

Defendants' attorney will be delivered to the Defendants' attorney by the Receiver.

25. All Clerks of Court for the District Courts of the United States are directed to coordinate with the Receiver to facilitate the filing of notices required by 28 U.S.C. § 754.

26. No bank, savings and loan association, financial institution, or any other person or entity, shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receivers control without the permission of this Court.

27. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by the FIP Receivership Entities, or the Receiver's officers, agents, employees, independent representatives or any other person, by reason of any act or omission by the Receiver in connection with the discharge of his duties and responsibilities hereunder.

28. Service of this Order shall be sufficient if made upon the FIP Receivership Entities or their respective principals electronically, by facsimile, or by overnight courier.

29. The Receiver is ordered to periodically file a Report on his activities with the Court.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
April 30, 2019